**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN B. STACKS                                                                                           PLAINTIFF

v.                                               No. 4:10CV00718 JLH

BLUEJAY HOLDINGS LLC; TEN X
HOLDINGS LLC; RICHARD F. BESTON, JR.;
JOHN W BRANCH; and JASON MAPLES                                          DEFENDANTS

**OPINION AND ORDER**

On June 22, 2010, plaintiff John Stacks filed a complaint in this Court against the defendants for breach of contract; violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 *et seq.*; and deceit after Bluejay Holdings allegedly failed to pay Stacks the agreed-upon purchase price for a sixty-five percent interest in three water companies that Stacks owned. On February 17, 2011, Stacks filed a motion for partial summary judgment against defendants Richard Beston, John Branch, and Jason Maples on Count IV of the complaint, which alleges a deceit claim against the defendants. In his motion, Stacks contends that all three defendants failed to respond to properly posed requests for admissions of fact within the time required by Federal Rule of Civil Procedure 36(a)(3). Stacks argues that, as a result of their untimely responses, the matters included in the requests for admissions are in fact admitted and establish the defendants' liability as to deceit. The defendants have filed separate motions for leave to withdraw or amend their responses to Stacks's requests for admissions and also have asked that the Court delay ruling on Stacks's motion for summary judgment until it has ruled on the motions for leave to withdraw or amend the responses.[1]

---

[1] After the defendants' motions for leave to withdraw or amend their responses were filed, Stacks filed an amended complaint that added a rescission claim. Document # 54.

> Pursuant to Federal Rule of Civil Procedure 36(a)(3),
>
> > A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

The defendants admit that they failed to respond to the requests for admissions in a timely manner. However, they contend that they have a reasonable excuse for the delay and that permitting them to withdraw or amend their inadvertent admissions will promote the presentation of the merits of the action.

> A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b). As this Court recognized in *Taylor-Shaw v. Bestway Rent to Own*, No. 5:09-CV-00329, 2010 WL 1416536, at *5 (E.D. Ark. Apr. 7, 2010),

> The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus the court can, in its discretion, permit what would otherwise be an untimely answer. . . . [I]t would seem that the test now stated in Rule 36(b) for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and that the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.

*Taylor-Shaw*, 2010 WL 1416536, at *5 (quoting 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure § 2257, at 343-45 and n.8 (2010)). In *Taylor-Shaw*, as here, the motion for summary judgment was premised solely on the opposing party's failure to respond to requests for admissions "with no additional affidavits or exhibits purporting to show that no genuine issue of material fact remain[ed]." *Id.* This Court determined that "[i]t does not

further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed." *Id.* at \*6 (quoting *Crussel v. Electrolyze Home Prods., Inc.*, No. 06-CV-4042, 2007 WL 1020444, at \*3 (W.D. Ark. Apr. 2, 2007)). In fact, "the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Id.* (quoting *Crussel*, 2007 WL 1020444, at \*4).

Here, the individual defendants have offered proposed responses to Stacks's requests for admissions in which they deny engaging in fraudulent or deceitful conduct. Stacks has offered no evidence to suggest that allowing the defendants to provide these late responses would be unfairly prejudicial. But by summarily granting Stacks's motion for summary judgment as to Count IV of the complaint, the Court would be basing the outcome of Stacks's deceit claim on something other than its underlying merits. "[T'he purpose of Rule 36 is to remove uncontested issues and to prevent delay. When the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing." *Id.* at \*7 (quoting *Crussel*, 2007 WL 1020444, at \*5).

Stacks points out in his response brief that the discovery deadline has passed; however, he does not argue that permitting the defendants to withdraw their admissions would delay the trial, which is currently set for the week of May 16, 2011.

> A party is not prejudiced by a brief delay in the receipt of a response to requests for admissions simply because his position is prejudiced by the true facts contained in the response. The prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

*Pritchard v. Dow Agro Sciences*, 255 F.R.D. 164, 174 (W.D. Pa. 2009) (internal citations omitted). Stacks has not argued prejudice, and aside from their untimeliness, the defendants' responses to the requests for admissions could pose no surprise to Stacks—the requested admissions amounted to little more than a complete admission of deceit, admissions which Stacks could foresee would be contested. *Crussel*, 2007 WL 1020444, at *5.

For the reasons stated above, the defendants' motions to withdraw or amend the admissions are GRANTED. Documents #46, #49, and #50. The defendants may amend their admissions as proposed within fourteen (14) days of the entry of this Order. The defendants' motions for continuance of summary judgment are DENIED as moot. Documents #47, #48, #51, and #54. Stacks's motion for partial summary judgment is DENIED. Document #33.

IT IS SO ORDERED this 28th day of March, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE