IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN B. STACKS                                                                                           PLAINTIFF

v.                                      No. 4:10CV00718 JLH

BLUEJAY HOLDINGS LLC; TEN X
HOLDINGS LLC; RICHARD F. BESTON, JR.;
JOHN W. BRANCH; and JASON MAPLES                                       DEFENDANTS

**OPINION AND ORDER**

On June 22, 2010, John Stacks filed a complaint in this Court against the defendants for alleged violations of a promissory note; breach of contract; violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101 *et seq.*; and deceit after Bluejay Holdings allegedly failed to pay Stacks the agreed-upon purchase price for a sixty-five percent interest in three water companies that Stacks owned. The defendants filed a motion to dismiss Stacks's complaint for lack of subject matter jurisdiction and improper venue, arguing that venue was governed by a forum selection clause in the promissory note that was signed by Bluejay Holdings LLC and Ten X Holdings LLC. In an Opinion and Order filed September 29, 2010, the Court determined that Count I of the complaint, which arose under the promissory note, should be dismissed. Document #13. The Court denied the defendants' motion to dismiss the remaining counts, however, reasoning that the forum-selection clause in the promissory note did not govern the breach of contract or tort claims alleged in the complaint.

On March 10, 2011, Stacks filed an amended complaint against the defendants and asserted all of the same claims originally made against the defendants as well as an additional claim for rescission. Individually named defendants Richard F. Beston, Jr., John W. Branch, and Jason Maples filed motions to dismiss the plaintiff's complaint for lack of subject matter jurisdiction and

improper venue. In response, Stacks concedes that Count I, which is the same promissory note claim that was alleged in the original complaint, should be dismissed.

For the reasons the Court has already stated in its previous Opinion and Order, the motions to dismiss are GRANTED with respect to Count I and DENIED with respect to Counts II through VI. Documents #69, #71 and #73.

IT IS SO ORDERED this 1st day of April, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE